■ CARL FAZIO, Appellant, v CHARLES F. WINSON GEMS, INC., Respondent. CHARLES F. WINSON GEMS, INC., Defendant and Third-Party Plaintiff, v H. W. BEATTIE & SONS, INC., Third-Party Defendant.—Order, Supreme Court, New York County, entered on May 22, 1978, affirmed, without costs and without disbursements. Concur—Birns, Silverman and Sandler, JJ.

Kupferman, J. P., dissents in part in the following memorandum: I dissent and would reverse and grant summary judgment against the corporate defendant, sever and remand for an inquest against said corporate defen-

dant. The corporate defendant Winson is engaged in the wholesale jewelry industry and sold to Beattie, a jeweler and third-party defendant herein, a gem which Beattie informed Winson it had in turn sold, now mounted as a platinum ring. The purchaser, undisclosed, was plaintiff. Several years later, Beattie sent the ring to defendant Winson for sale, and Beattie's office informed defendant that its customer wanted $20,000. Defendant Winson left it under an "All-risk" memorandum at a valuation of $22,000 with a Mr. Gumbiner (not a party to this action) who offered $18,000. The latter offer, transmitted by defendant to Beattie for plaintiff, was rejected with insistence on $20,000. Defendant Winson then lowered the all-risk memo with Gumbiner to $21,500, and Gumbiner offered $19,000 for the ring, which latter offer was also rejected. Later, Beattie demanded return of the ring. In the meantime, Gumbiner delivered the ring on another all-risk memo to a different person (not a party to this action) and it has not been returned to Beattie or to plaintiff owner on demand. This is an action to replevy, or in the alternative, for damages. The court at Special Term found an issue of fact on whether defendant was authorized to sell or only to secure an offer. However, even on defendant's version of the facts, the plaintiff's price was never met, although now the defendant has offered to pay the $20,000 price to the plaintiff, which the plaintiff now rejects. The individual defendant is an officer of defendant and more would have to be shown to visit liability upon him, so summary judgment as to him is not warranted at this stage.