■ HESKEL'S WEST 38TH STREET CORP. et al., Respondents, v GOTHAM CONSTRUCTION COMPANY LLC, Formerly Known as GOTHAM CONSTRUCTION Co., et al., Appellants. [787 NYS2d 285]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about May 21, 2004, which denied defendants' motion to vacate a default liability judgment against them, reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and judgment vacated.

This negligence action claims that plaintiffs' building was damaged by construction, demolition, excavation and development work performed on defendants' adjacent property at 66-70 West 38th Street between December 2000 and July 2002; the complaint names as defendants the general contractor and the owners of the premises. The action was commenced by filing on October 10, 2003, and on October 24, 2003 defendant general contractor Gotham Construction Company, LLC, forwarded the summons and complaint to its insurer, Allied North America.

However, Allied, through the inadvertence of its assigned adjuster at AIG, failed to forward the complaint to counsel, and this failure was discovered only after defendants' time to answer had expired. On December 2, 2003, plaintiffs' counsel spoke with the AIG adjuster, who requested an extension to answer the complaint; plaintiffs' counsel took the position that since they had only a few days left before the statute of limitations expired, an extension would be granted only if defendant

provided the names of the subcontractors in order for plaintiffs to timely bring them into the action. After numerous discussions over the next two months, no such agreement was reached, and ultimately defendants served their answer on February 26, 2004, which plaintiffs rejected as late. Plaintiffs then made an ex parte application for a default judgment, which was granted on March 2, 2004.

Defendants then made the underlying motion to vacate the default and for an extension of their time to answer. They submitted the affidavit of the AIG claims adjuster, who explained the circumstances that led him to inadvertently file plaintiffs' complaint without forwarding it to defense counsel. They also furnished the affidavits of the parties in order to establish a meritorious defense. The IAS court denied defendants' motion, holding (1) that defendants had failed to offer a reasonable excuse for their default because defendants further delayed in answering even after they were apprised of their default, (2) that plaintiffs would be prejudiced by granting the relief, and (3) that defendants had failed to establish the existence of a meritorious defense.

We find that defendants offered a reasonable excuse for their delay, an absence of willfulness, and a meritorious defense. Because, in addition, the prejudice plaintiffs claim cannot be said to have been caused by defendants, we reverse and vacate the default.

Excusable delay is sufficiently established since the failure to forward the complaint to counsel prior to December 1, 2003 was concededly due to the inadvertence of the insurer (*see Parker v I.E.S.I. N.Y. Corp.*, 279 AD2d 395 [2001], *lv dismissed* 96 NY2d 927 [2001]), and the additional delay through the time defendants attempted to serve their answer in February was not unreasonable. And, given the form of the complaint and the causes of action pleaded, the defenses raised by defendants may not be rejected out of hand as meritless, but require determination on their merits upon a more complete review of the facts, in a summary judgment motion or at trial.

There is a "strong [public] policy favoring the determination of actions on their merits" (*Damselle Ltd. v 500-512 Seventh Ave. Assoc.*, 184 AD2d 367, 367 [1992]). While this policy may give way when a defendant's failure to timely answer the complaint causes prejudice to the plaintiff (*see Mayers v Cadman Towers*, 89 AD2d 844, 845 [1982]), here, such prejudice as plaintiffs may have experienced cannot properly be attributed to defendants' delay in answering.

Initially, it is unclear why plaintiffs' representatives, particu-

larly the on-site engineer, were unable to ascertain the identity of the various companies performing work on the site during the prior three years. But in any event, even timely service of an answer by defendants in November 2003 would not necessarily have enabled plaintiffs to bring claims against other potentially liable parties before the expiration of the statute of limitations. The statute of limitations is said to have expired only "a few days" after the first conversation between plaintiffs' counsel and defendant's insurance adjuster on December 2, 2003; by that time, plaintiffs still would not have had the names of the subcontractors, and so could not have brought timely claims against them, unless defendants had happened to voluntarily choose to implead those other companies in a timely answer. Under the circumstances, the claimed prejudice cannot properly be blamed on defendants' failure to timely answer the complaint.

The denial of defendants' motion therefore constituted an improvident exercise of discretion. Concur—Mazzarelli, J.P., Saxe, Nardelli and Marlow, JJ.

Ellerin, J., dissents and would affirm for the reasons stated by Kornreich, J.