■ ALISA CIRILLO, Appellant, v MACY's, INC., Formerly Known as FEDERATED DEPARTMENT STORES, INC., et al., Respondents. [877 NYS2d 281]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered January 8, 2008, which, in an action for personal injuries sustained in a slip and fall in defendants' department store, granted defendants' motion to compel acceptance of their late answer, and order, same court and Justice, entered January 7, 2008, which denied plaintiff's motion for a default judgment, unanimously affirmed, without costs.

Defendants served their answer on plaintiff 14 days after it was due and plaintiff rejected the answer two days after it was served. Approximately three weeks after the answer was

rejected by plaintiff, defendants moved to compel plaintiff to accept the answer pursuant to CPLR 3012 (d). Defendants' motion was supported by their attorneys' affirmation attributing the lateness of the answer to plaintiff's attorney's failure to return numerous telephone calls requesting an extension of time to serve the answer. Plaintiff opposed with her attorney's affirmation that, while not denying the phone calls or attributing any prejudice to the 14-day delay, argued that the proffered excuse was unreasonable and that defendants' motion lacked a required affidavit of merit. Plaintiff also moved separately for a default judgment against defendants based on their failure to answer timely the action. In separate orders, Supreme Court granted defendants' motion and denied plaintiff's motion.

Defendants claim that plaintiff's notices of appeal are jurisdictionally defective and that the appeals must be dismissed. Plaintiff filed two notices of appeal, both dated February 27, 2008. One indicates that plaintiff is appealing an order of Supreme Court, Queens County, dated December 26, 2007 and entered January 7, 2008, which granted defendants' motion to vacate a note of issue or strike plaintiff's complaint. The other notice of appeal is identical to the first.

Plaintiff is appealing from orders granting defendants' motion to compel plaintiff to accept service of their answer and denying her motion for a default judgment, not from orders vacating a note of issue or striking plaintiff's complaint. To be sure, plaintiff could *only* have appealed from those orders: the only two orders that have been entered in the action are the ones granting defendants' motion to compel plaintiff to accept the answer and denying plaintiff's motion for a default judgment. Moreover, the orders granting defendants' motion pursuant to CPLR 3012 (d) and denying plaintiff's motion for a default judgment were both dated December 26, 2007 and entered January 8, 2008, the dates listed in the notices of appeal as the dates the orders were executed and filed. That plaintiff inaccurately listed in both notices of appeal the county in which the orders were rendered as Queens is of no moment; the captions of the notices of appeal correctly listed New York County as the venue of the action and both notices correctly identified the judge who rendered the orders. At bottom, while sloppily drafted, the content of the notices of appeal did not mislead defendants or otherwise prejudice them, and we therefore exercise our discretion to disregard the inaccuracies and treat the notices of appeal as valid (*see* CPLR 5520 [c]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5520:1, at 256; *cf. Copp v Ramirez*, 62 AD3d 23 [2009]).

With respect to the parties' substantive arguments, Supreme Court has broad discretion in gauging the sufficiency of an excuse proffered by a defendant who failed to serve timely an answer (*see Perellie v Crimson's Rest.*, 108 AD2d 903, 904 [1985]). Here, Supreme Court did not improvidently exercise its discretion in concluding that defendants proffered a reasonable excuse. Defendants' counsel asserted that he "contacted plaintiff's [counsel's] office numerous times seeking an extension of time to serve [defendants'] answer," but that plaintiff's counsel did not return any of those calls. Plaintiff's counsel does not challenge the veracity of that assertion. While the excuse is not overwhelming, we cannot conclude that defendants' counsel could not reasonably have expected his request for an extension of time to be granted. Accordingly, we decline to disturb Supreme Court's discretionary determination, particularly because defendants' delay both in serving the answer and seeking leave to compel plaintiff to accept the answer was brief and caused no prejudice (*see Jones v 414 Equities LLC*, 57 AD3d 65, 81 [2008]; *Spira v New York City Tr. Auth.*, 49 AD3d 478 [2008]). An affidavit of merit is not required on a motion for leave to serve a late answer where, as here, no default order or judgment has been entered (*Jones* at 81). In view of the foregoing, plaintiff's motion for a default judgment was properly denied. Concur—Andrias, J.P., Nardelli, McGuire, Acosta and DeGrasse, JJ.