■ LISA NUTLEY, Respondent, v SKYDIVE THE RANCH, Appellant. [883 NYS2d 530]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 28, 2009, which denied defendant's motion for summary judgment dismissing the complaint and for a default judgment on its counterclaim for attorney's fees and costs, unanimously modified, on the law, the motion granted to the extent of awarding defendant summary judgment, the complaint dismissed, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Plaintiff is directed to respond to defendant's counterclaims within 60 days of the date of this order.

Defendant demonstrated prima facie entitlement to summary judgment on the doctrine of assumption of risk. Plaintiff was engaged in a sport or recreational activity, the commonly appreciated risks of which are inherent in, and arise out of, the nature of the sport generally and are consequent upon such participation (*see e.g. Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Here, the risk of the main parachute failing to open during a tandem sky dive was perfectly obvious. Indeed, plaintiff was given a reserve parachute. Plaintiff failed to raise a triable issue of fact as to whether the injury-causing event resulted from defendant's negligence, creating unique and dangerous conditions beyond those inherent in the sport (*id.* at 485).

So much of the waiver and release signed by plaintiff as purports to exempt defendant from its own negligence is void under General Obligations Law § 5-326. Severance of that provision leaves the rest of the contract intact (*see Caruso v Allnet Communication Servs.*, 242 AD2d 484, 485 [1997]). As to defendant's counterclaims, however, we note that whether agreements not to sue a defendant and to pay its attorney's fees and litigation costs might transgress the public policy of promoting recreational activities advanced by section 5-326 does not appear to have been considered by the courts (*cf. Ciofalo v Vic Tanney Gyms*, 10 NY2d 294, 297 [1961] [exculpatory clause not barred by "overriding public interest"]), the parties have not briefed the issue, and we do not reach it (*see Brown v Christopher St. Owners Corp.*, 87 NY2d 938, 939 [1996]; *Bacchiocchi v Ranch Parachute Club*, 273 AD2d 173, 176 [2000]). Defendant's motion to enter judgment by default (CPLR 3215 [c]) was appropriately denied in the exercise of discretion (*cf. Charles F. Winson Gems v D. Gumbiner, Inc.*, 85 AD2d 69, 71 [1982], *affd* 57 NY2d 813 [1982]), and plaintiff should be afforded the op-

portunity to assert any defenses she might have to defendant's counterclaims. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.