(January 26, 2010)

■ ANNIE RODGERS, Appellant, v 66 EAST TREMONT HEIGHTS HOUSING DEVELOPMENT FUND CORPORATION, Respondent. [893 NYS2d 55]—

It is well settled that a defendant seeking to vacate a judgment entered upon its default in appearing and answering the complaint must demonstrate a reasonable excuse for the delay, as well as a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). What constitutes a reasonable excuse for a default generally lies within the sound discretion of the motion court (*see Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]).

In the case at bar, defendant submitted affidavits wherein it denied ever being served with process. However, upon receipt of

a letter from plaintiff's counsel which contained a copy of the pleadings, defendant immediately forwarded the correspondence and pleadings to its insurer. Thus, it was reasonable for defendant to believe that its insurer would take the appropriate action to appear and defend the action (*see Heskel's W. 38th St. Corp. v Gotham Constr. Co. LLC*, 14 AD3d 306 [2005]).

Defendant also demonstrated a meritorious defense to plaintiff's claims, asserting that upon receiving, in April 2006, plaintiff's first and only complaint regarding defective windows, which was unrelated to the defect at issue, defendant made the necessary repairs and received no further complaints thereafter. Hence, defendant demonstrated lack of notice of the claimed condition that, four months later, allegedly resulted in plaintiff's injuries (*Chelli v Kelly Group, P.C.*, 63 AD3d 632 [2009]).

In light of the strong public policy of this State to dispose of cases on their merits (*see Santora & McKay v Mazzella*, 211 AD2d 460, 463 [1995]), the motion court providently exercised its discretion in granting defendant's motion to vacate the default order. Concur—Tom, J.P., Nardelli, Renwick, Freedman and Román, JJ.