■ FREDERICK B. WHITTEMORE, Respondent, v EDWIN H. YEO et al., Appellants. [952 NYS2d 136]—

The motion court providently exercised its discretion in finding that defendants' excuse for their more than five-month delay in answering was not reasonable (see Cirillo v Macy's, Inc., 61 AD3d 538, 540 [1st Dept 2009]). Defendant Edwin Yeo's claim that other business commitments prevented him from engaging counsel to respond is inadequate (see e.g. Flannery v Stewart, 22 AD2d 786 [1st Dept 1964]), particularly in view of the undisputed fact that his present counsel was aware of the complaint in mid-April 2010, less than one month after the unchallenged service of process on all of the defendants and more than five months before plaintiff moved for a default; moreover, his firm was representing the defendant Endurance entities in this State in another matter at the time, notwithstanding his assertion that his firm had not yet been formally retained in this matter. Defendant Yeo's failure to do anything during this period evinces willfulness (see Casimir v Consumer Home Mtge. Inc., 65 AD3d 954 [1st Dept 2009] [motion to vacate default]). Although the length of defendants' delay is not inordinate under the circumstances (see e.g. American Intl. Ins. Co. v MJM Quality Constr., Inc., 69 AD3d 520 [1st Dept 2010]; Rosa v 42 Holding Corp., 254 AD2d 213 [1st Dept 1998]), and plaintiff failed to carry his burden of showing that the delay was prejudicial (see Pieretti v Flair Dé Art, 99 AD2d 980 [1st Dept 1984]), these factors, and the policy preference for deciding cases on their merits, are outweighed in this instance by the strong evidence of willfulness. Nor do the circumstances warrant denial of a default in the interest of justice (see generally New Media Holding Co. LLC v Kagalovsky, 97 AD3d 463, 465 [1st Dept 2012]). Because

a defendant opposing entry of a default judgment must demonstrate both a reasonable excuse and meritorious defenses (*id.*), it is unnecessary to consider defendants' claimed defenses. We note, however, that the breach of contract and breach of fiduciary duty causes of action were properly predicated on an oral limited partnership agreement pursuant to Delaware law, and that plaintiff was not precluded from reasonably relying on defendants' misrepresentations in light of the alleged failure to disclose certain diversions and defendants' failure to provide requested information regarding the allocation of plaintiff's investment in the limited partnership; the defenses to the other causes of action were also meritless.

Plaintiff carried his burden of asserting facts warranting a finding of long-arm jurisdiction over Yeo Farms, LLC (*see Marie v Altshuler*, 30 AD3d 271, 272 [1st Dept 2006]). It is undisputed that Edwin Yeo, acting on behalf of Yeo Farms, met with plaintiff in New York to discuss the guaranty that is the subject of the claim asserted; the factual disagreement as to whether the guaranty was requested or offered gratuitously presents an issue as to the merits, not one requiring a hearing as to jurisdiction. Concur—Sweeny, J.P., Richter, Abdus-Salaam and Román, JJ.