■ In the Matter of MIGUEL ANDRADE, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [965 NYS2d 450]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered May 19, 2011, denying the petition seeking to annul respondents' determination, dated June 25, 2010, which denied petitioner's request under the Freedom of Information Law (FOIL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 23, 2011,

which denied petitioner's motion to reargue, denominated as one for "reargument and reconsideration," unanimously dismissed, without costs, as taken from a nonappealable paper.

The court properly denied the petition and dismissed the proceeding under the doctrine of res judicata. Petitioner requested disclosure of documents he had sought in a prior FOIL request, which were found to be exempt from disclosure in a prior article 78 proceeding between the same parties (*see Matter of Cobb v Lombardi*, 261 AD2d 172 [1st Dept 1999]; *see also Matter of Corbin v Ward*, 160 AD2d 596 [1st Dept 1990], *lv denied* 76 NY2d 706 [1990]).

The record further establishes that the petition was time-barred. The subject petition was brought in September 2010, more than four months after the November 2007 denial of petitioner's prior FOIL request (*see* CPLR 217 [1]), and his second FOIL request "did not extend or toll his time to commence an article 78 proceeding" (*Matter of Kelly v New York City Police Dept.*, 286 AD2d 581, 581 [1st Dept 2001]).

The appeal from the December 2011 order is dismissed. Petitioner's motion, denominated as one for "reargument and reconsideration," did not offer new or additional facts that would change the prior determination (*see* CPLR 2221 [e]), and thus, was essentially a motion to reargue, the denial of which is not appealable (*see Ramos v Napoli*, 95 AD3d 637 [1st Dept 2012]).

Furthermore, we exercise our discretion to disregard the inaccuracies in the notice of appeal and treat it as valid, particularly since respondent was not misled or otherwise prejudiced by the inaccuracies (*see* CPLR 5520 [c]; *Cirillo v Macy's, Inc.*, 61 AD3d 538, 539 [1st Dept 2009]). Concur—Mazzarelli, J.P., Saxe, Moskowitz and Manzanet-Daniels, JJ.