■ M&E 73-75 LLC, Appellant, v 57 Fusion LLC, Respondent. [995 NYS2d 3]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered March 12, 2013, which denied plaintiff's motion for a default judgment against defendant (CPLR 3215), unanimously affirmed, without costs.

The IAS court providently exercised its discretion by denying plaintiff's motion (*see e.g. Nutley v Skydive the Ranch*, 65 AD3d 443, 444 [1st Dept 2009]). Defendant made the requisite showing of a reasonable excuse for failing to answer the complaint (*see Whittemore v Yeo*, 99 AD3d 496, 496-497 [1st Dept 2012]). The factors to be considered in determining the sufficiency of the excuse all weigh in defendant's favor (*see New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463, 465 [1st Dept 2012]). Defendant did not willfully default, as it claims that it did not receive plaintiff's summons and complaint. Further, shortly after plaintiff served defendant, defendant filed its own action against plaintiff (index No. 154700-12), which evidenced its intent to defend plaintiff's action (*see Arrington v Bronx Jean Co., Inc.*, 76 AD3d 461, 463 [1st Dept 2010]). The order dismissing defendant's action did not collaterally estop defendant from arguing that it had a reasonable excuse for defaulting in this action. Indeed, whether defendant had a reasonable excuse was neither material nor essential to that decision (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Further, defendant was not required to submit an affidavit of merit in opposition to plaintiff's motion (*Arrington*, 76 AD3d at 462). Moreover, the motion court had the power to sua sponte allow defendant to interpose a late answer (*see Higgins v Bellet Constr. Co.*, 287 AD2d 377 [1st Dept 2001]), and plaintiff does not claim that it has been prejudiced by defendant's delay in responding to its complaint.

Defendant also demonstrated "a potentially meritorious defense" to plaintiff's action for, among other things, specific performance of the parties' contract of sale (*New Media*, 97 AD3d at 465; *see Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983])—namely, that plaintiff buyer materially breached the contract by refusing to pay the agreed-upon purchase price, that defendant seller made no misrepresentation to plaintiff about the tax classification of the subject property, and that defendant did not agree to lower the purchase price (*see Grace v Nappa*, 46 NY2d 560, 567 [1979]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.