Kapoor v Interzan LLC (2019 NY Slip Op 03745)





Kapoor v Interzan LLC


2019 NY Slip Op 03745


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


158313/18 -1773

[*1] Aman Kapoor doing business as Sewlutions, Plaintiff-Appellant,
v
Interzan LLC, Defendant-Respondent.


Law Office of Amos Weinberg, Great Neck (Harriette N. Boxer of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn (Maya K. Petrocelli of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 30, 2018, which granted defendant's motion to vacate the default judgment entered against it, unanimously affirmed, with costs.
A defendant seeking to vacate a judgment entered upon its default must demonstrate a reasonable excuse for the delay and a meritorious defense to the action (see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; CPLR 5015[a][1]). Here, the record shows that defendant proffered a reasonable excuse of law office failure by submitting documentary evidence showing that, upon receipt of the draft summons and complaint, it promptly forwarded the filings to its
legal counsel on retainer. Defendant also submitted an affidavit from its CEO who averred that he spoke with counsel and requested that counsel monitor the case filings and respond accordingly. It was reasonable for defendant to believe that its counsel would take the appropriate actions to defend the matter (see e.g. Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510, 511 [1st Dept 2010]; Heskel's W. 38th St. Corp. v Gotham Constr. Co. LLC, 14 AD3d 306, 307 [1st Dept 2005]). Moreover, upon learning of the default judgment entered against it when its bank froze its account, defendant immediately retained new counsel, who moved within four days to vacate the default.
There is no dispute that defendant also demonstrated a meritorious defense to plaintiff's claims.
M-1773 Kapoor d/b/a Sewlutions v Interzan LLC
Motion to enlarge record denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK