801-803, LLC v 805 Ninth Ave. Realty Group, LLC (2020 NY Slip Op 06442)





801-803, LLC v 805 Ninth Ave. Realty Group, LLC


2020 NY Slip Op 06442


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 151845/19 Appeal No. 12353 Case No. 2019-4669 

[*1]801-803, LLC, Plaintiff-Appellant,
v
805 Ninth Avenue Realty Group, LLC et al., Defendants-Respondents.


Manmohan K. Bakshi, P.C., Manhasset (Manmohan K. Bakshi of counsel), for appellant.
The Abramson Law Group, PLLC, New York (Howard Wintner of counsel), for 805 Ninth Avenue Realty Group, LLC, respondent.
Pillinger Miller Tarallo, LLP, Elmsford (Daniel O. Dietchweiler of counsel), for 805 Ninth Avenue Realty Group, LLC, Abselet Contracting Corp. and Israel Abselet, respondents.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered May 23, 2019, which granted defendants' motion to vacate a lis pendens, and order, same court and Justice, entered July 9, 2019, which denied plaintiff's motion for a default judgment and granted defendants' cross motion for leave to file a late answer, unanimously affirmed, with costs.
The court properly vacated the lis pendens filed by plaintiff on property owned by defendant Ninth Avenue that is contiguous with plaintiff's building, as plaintiff claims no interest in defendant's land but merely seeks to prevent defendants from committing a wrongful act against it (CPLR 6501; see Braunston v Anchorage Woods, 10 NY2d 302, 305 [1961]). Plaintiff alleges that defendants' construction of a six-story building on the property is causing damage to the party wall, the roof, and other parts of its building, and asserts causes of action for, inter alia, nuisance and encroachment.
The court providently exercised its discretion in permitting two law firms to represent defendants, one in the matter of the lis pendens and the other, provided by the insurer, in the matter of damages (see Chemprene, Inc. X-Tyal Intl. Corp., 55 NY2d 900 [1982]).
The court providently exercised its discretion in vacating defendants' default. Defendants demonstrated a reasonable excuse for the default, which did not prejudice plaintiff, was not willful and was of short duration, and a meritorious defense to the action (see Eugene DiLorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]), and, as the court noted, there is a strong public policy of deciding cases on the merits (see Heskel's W. 38th St. Corp. v Gotham Constr. Corp., 14 AD3d 306 [1st Dept 2005]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020