2001 Real Estate Space Catalyst, Inc. v Stone Land Capital, Inc. (2021 NY Slip Op 03138)





2001 Real Estate Space Catalyst, Inc. v Stone Land Capital, Inc.


2021 NY Slip Op 03138


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 653398/15 Appeal No. 13862N Case No. 2020-04044 

[*1]2001 Real Estate Space Catalyst, Inc., Plaintiff-Respondent,
v
Stone Land Capital, Inc., et al., Defendants-Appellants.


The Berkman Law Office, LLC, Brooklyn (Robert J. Tolchin of counsel), for appellants.
O'Brien Thornton LLC, New York (Merrill O'Brien of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about March 20, 2020, which granted plaintiff's motion for a default judgment and denied defendants' cross motion to extend their time to answer the amended complaint, unanimously affirmed, without costs.
By order entered January 16, 2019, defendants were directed to serve their answer to the amended complaint within 20 days of service of notice of entry of the order. Defendants were served with notice of entry of the order on February 14, 2019 and they did not move for leave to file a late answer until 35 days later, on April 11, 2019, when plaintiff filed its request to enter a default judgment with the clerk. The court denied defendants' motion for leave to file a late answer on the ground that defendant failed to provide a reasonable excuse for the delay in answering. At the same time, the clerk informed plaintiff that it needed to formally move for a default judgment. Thereafter, plaintiff formally moved for a default judgment and defendants cross-moved to extend their time to answer for the second time.
Initially, the court properly denied defendants' motion for leave to file a late answer based on law of the case. The court initially denied defendants' motion on the ground that defendants failed to provide a reasonable excuse and defendants never appealed that decision or moved to reargue that decision. Defendants then made a second motion for leave to file a late answer and offered the same excuse for their delay. Under these circumstances, it was proper for the court to deny defendant's second motion for leave to file a late answer based on the law of the case.
In the alternative, we find that the motion court properly denied defendants' second motion for leave to file a late answer on the ground that defendants failed to put forth a reasonable excuse for their delay in answering the amended complaint (see Marine v Montefiore Health Sys., Inc., 129 AD3d 428 [1st Dept 2015]). It was not an abuse of discretion for the court to find that defendants' excuse was not reasonable (see Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510 [1st Dept 2010]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021