Rector v BDG Gotham Residential, LLC (2022 NY Slip Op 05774)

Rector v BDG Gotham Residential, LLC

2022 NY Slip Op 05774

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Renwick, J.P., Friedman, Singh, Shulman, Higgitt, JJ. 

Index No. 158261/19 Appeal No. 16442 Case No. 2021-01954 

[*1]Robin Rector, Plaintiff-Appellant,
v
BDG Gotham Residential, LLC, et al., Defendants, BDG Gotham Affordable, LLC, Defendant-Respondent. [And a Third-Party Action.]

G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for appellant.
Armienti, DeBellis & Rhoden, LLP, New York (Vanessa M. Corchia of counsel), for respondent.

Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered on or about January 26, 2021, which denied plaintiff's motion for a default judgment against defendant BDG Gotham Affordable, LLC (BDG), unanimously affirmed, without costs.
The court providently denied plaintiff's motion for a default judgment. Even if plaintiff had established prima facie entitlement to a default judgment pursuant to CPLR 3215(f) through competent proof of the facts constituting her claims (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003]), BDG's opposition sufficed to preclude a default judgment. It was reasonable that BDG's delay in answering was due to delay by the insurer and/or the misimpression that BDG's interests were being protected by the carrier representing the other BDG-related entities, and the record suggests that there was confusion as to whether the correct carrier was Zurich as opposed to Travelers (see Rodriguez v Dixie N.Y.C., Inc., 26 AD3d 199 [1st Dept 2006]; Heskel's W. 38th St. Corp. v Gotham Constr. Co. LLC, 14 AD3d 306 [1st Dept 2005]; Parker v I.E.S.I. N.Y. Corp., 279 AD2d 395 [1st Dept 2001]).
Plaintiff also failed to demonstrate prejudice based on BDG's delay, or that such delay otherwise hindered the preparation of her case. Nor was BDG's default predicated on willful or deliberate conduct, and public policy favors the determination of cases on the merits (see Heskel's W. 38th St. Corp., 14 AD3d at 307).
Moreover, BDG advanced "a potentially meritorious defense" (M&E 73-75 LLC v 57 Fusion LLC, 121 AD3d 528 [1st Dept 2014]) to plaintiff's action through evidence reflecting that plaintiff allegedly sustained injury on an escalator situated in the commercial parcel of the subject premises, which was owned and managed by other related entities, and the residential parcel, owned and soon-to-be operated by BDG, had not yet been built at the time of plaintiff's accident.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022