Creekstone Juban I, LLC v XL Ins. Am., Inc. (2025 NY Slip Op 01163)

Creekstone Juban I, LLC v XL Ins. Am., Inc.

2025 NY Slip Op 01163

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 300149/19|Appeal No. 3797&M-419|Case No. 2024-00925|

[*1]Creekstone Juban I, LLC, Plaintiff-Respondent-Appellant,
v
XL Insurance America, Inc., Defendant-Appellant-Respondent.

Zelle LLP, Dallas, TX (Kristin Cummings of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant-respondent.
McCarter & English, LLP, New York (Sherilyn (Sheri) Pastor of counsel), for respondent-appellant.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 19, 2024, which denied plaintiff's motion for a default judgment against defendant and denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
In this insurance coverage action, commenced in Louisiana and transferred to New York as a result of a New York forum selection clause, Supreme Court providently exercised its discretion in denying plaintiff's motion for a default judgment. Even if plaintiff had established its entitlement to a default judgment pursuant to CPLR 3215(f), based on the procedural history of the Louisiana action, the parties' dispute as to whether a new complaint had to be filed, and defendant's defense of plaintiff's motion, the motion for a default judgment was properly denied (see Rector v BDG Gotham Residential, LLC, 209 AD3d 509, 509 [1st Dept 2022]).
Equally unavailing is defendant's argument that Supreme Court "improperly invade[d] the realm of the New York Legislature" when the court permitted the interstate transfer of the Louisiana action, as the statutory provisions cited by defendant pertaining to intrastate transfers of pending actions are silent as to an interstate transfer. The Supreme Court in its well-reasoned decision fashioned an appropriate remedy under the unique circumstances presented here (see Matter of Fludd v Goldberg, 51 AD3d 153, 158 [1st Dept 2008] ["While a case is pending, gray area situations may require a court to act in the absence of explicit authority, so that the adjudicative process can function"][citation and internal quotation marks omitted]; see also Alvarez v Snyder, 264 AD2d 27, 35 [1st Dept 2000], lv denied 95 NY2d 759 [2000], cert denied 531 US 1158 [2001]). Based on Louisiana statutory law, in addition to the directive of the Louisiana Court of Appeals stating that the Louisiana trial court could only "ask" Bronx County Court to accept the transfer and that the New York court was "clearly free" to do what it pleased, it is questionable whether comity was even implicated "because there was no possibility of treading on the legitimate prerogatives" of Louisiana (Indosuez Intl. Fin. v National Reserve Bank, 304 AD2d 429, 430 [1st Dept 2003]). In any event, the Louisiana trial court issued a final judgment, thus the Louisiana action was entitled to full faith and credit (see Boudreaux v State of La., Dept. of Transp., 49 AD3d 238, 240 [1st Dept 2008], affd 11 NY3d 321 [2008], cert denied 557 US 936 [2009]). The Louisiana court's handwritten note on the judgment, which stated that "[t]his ruling does not constitute a dismissal of Plaintiff's claims by this court," ensured that plaintiff's claims were preserved as timely commenced within the two-year limitations period set forth in the subject insurance policy.
We have considered defendant's remaining contentions and find them unavailing.
M-419 — Creekstone Juban I, LLC v XL Ins. Am.
Motion to strike portions of [*2]reply brief, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025