Matter of Bodenchak v 5178 Holdings LLC (2025 NY Slip Op 05293)

Matter of Bodenchak v 5178 Holdings LLC

2025 NY Slip Op 05293

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rosado, JJ. 

Index No. 152916/24|Appeal No. 4838|Case No. 2025-03424|

[*1]In the Matter of Dawn Bodenchak, as Executor of the Estate of Frank Bodenchak, Petitioner-Appellant,
v
5178 Holdings LLC et al., Respondents-Respondents.

Kosakoff & Cataldo LLP, Melville (Michael Stanton of counsel), for appellant.
Anderson Kill P.C., New York (Jonathan G. Kortmansky of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about May 14, 2025, which, to the extent appealed from, denied petitioner's motions for default judgments, unanimously affirmed, without costs.
Petitioner's motions seeking a default judgment were not void ab initio because "the death of a party . . . stays the proceeding until proper substitution has been made" (Schnapp v Miller's Launch, Inc., 135 AD3d 655, 656 [1st Dept 2016]). Dawn Bodenchak (petitioner) was substituted for her late husband, Frank Bodenchak (Mr. Bodenchak), on January 8, 2025. She made her first motion for a default judgment on February 18, 2025, after proper substitution was made.
Moreover, respondents' time to respond to the petition expired before petitioner moved for default judgment. Pursuant to CPLR 1022, respondent had 15 days after substitution was made to respond. Petitioner served the January 8 order with notice of entry, on January 9, 2025. Accordingly, respondents had until January 24, 2025 to respond, yet, they did not answer or otherwise oppose the petition by that date. Therefore, at the time petitioner made her first motion for a default judgment on February 18, 2025, respondents were in default.
Additionally, petitioner was not required to make a motion to restore this proceeding to the court's trial calendar because this proceeding was never on the trial calendar to begin with (CPLR 3402[a]).
However, Supreme Court providently exercised its discretion in denying petitioner's motions for default judgments (see M&E 73-75 LLC v 57 Fusion LLC, 121 AD3d 528, 529 [1st Dept 2014]). Respondents had a reasonable excuse for failing to respond to the petition because the New York State Electronic Filing System indicated that this proceeding was still stayed, even though substitution was made.
Respondents were not required to submit affidavits of merit because no default order or judgment was entered (see e.g. Watts v Garcia, 222 AD3d 568 [1st Dept 2023]; Arrington v Bronx Jean Co., 76 AD3d 461, 462 [1st Dept 2010]). Rather, respondents merely had to demonstrate a "potentially meritorious defense[s]" (M&E, 121 AD3d at 529 [internal quotation marks omitted]); they did not have to show that they would succeed in dismissing the petition.
In light of the "strong public policy favoring resolution of cases on their merits" (Arrington, 76 AD3d at 462) and respondents' proffered potentially meritorious defenses, the court did not improvidently exercise its discretion by denying petitioner's motions for default judgments and directing respondents to answer or otherwise respond.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025