Leslie J. Garfield & Co., Inc. v Evans (2025 NY Slip Op 06025)

Leslie J. Garfield & Co., Inc. v Evans

2025 NY Slip Op 06025

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 651854/21|Appeal No. 5105|Case No. 2024-06130|

[*1]Leslie J. Garfield & Co., Inc., Plaintiff-Appellant,
v
Mary C. Evans, Defendant-Respondent.

Law Office of William J. Candee IV, New York (William J. Candee IV of counsel), for appellant.
Corbally, Gartland and Rappletyea, LLP, Pleasant Valley (Colleen E. Van Anden of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered August 28, 2024, which, to the extent appealed from, denied plaintiff's motion for entry of a default judgment, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff's motion for a default judgment on its claims seeking recovery of a broker's commission (CPLR 3215[f]). While plaintiff's submission of the summons with notice, proof of defendant's default, an affidavit of merits setting forth facts constituting the claim, and evidence as to the amount owed on the claim met the criteria of CPLR 3215 (see Rosenstein v Permanent Mission of the Republic of Sierra Leone to the United Nations, 217 AD3d 553, 554 [1st Dept 2023]; State Farm Mut. Auto. Ins. Co. v Surgicore of Jersey City, LLC, 195 AD3d 454, 455 [1st Dept 2021]), defendant's opposition sufficed to preclude entry of a default judgment (see Rector v BDG Gotham Residential, LLC, 209 AD3d 509, 509 [1st Dept 2022]).
Specifically, defendant made the requisite showing of a reasonable excuse for the failure to appear, which plaintiff does not dispute. Moreover, defendant demonstrated a potentially meritorious defense to the claims (see Galindo v Keller, 147 AD3d 427, 427 [1st Dept 2017]; M&E 73-75 LLC v 57 Fusion LLC, 121 AD3d 528, 529 [1st Dept 2014]). The emails between the parties concerning the underlying transaction and related commission obligation are too equivocal to clearly refute defendant's claims that the parties only had an oral agreement, and that defendant retained discretion to determine the amount of the fee. The emails do not rebut defendant's potentially meritorious defense to plaintiff's claim for the five percent commission. Given the unresolved factual and legal issues concerning plaintiff's claims and defendant's defense, plaintiff is not entitled to a default judgment on any part of its claims.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025