Akande v City of New York (2025 NY Slip Op 06542)

Akande v City of New York

2025 NY Slip Op 06542

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Index No. 154724/20|Appeal No. 5220|Case No. 2022-04129|

[*1]Jonathan Akande, Appellant,
v
City of New York, et al., Respondents.

Stagg Wabnik Law Group, Garden City (Scott William Clark of counsel), for Jonathan appellant.
Muriel Goode-Trufant Corporation Counsel of the City of New York, New York (Shane Magnetti of counsel), for respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered March 3, 2022, which denied plaintiff's motion for a default judgment and granted defendants' cross-motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court correctly denied plaintiff's motion for a default judgment. The motion was predicated on an amended complaint that was returned for correction because it did not contain a full caption; the Clerk then removed it from the docket and plaintiff never refiled it (see e.g. Braylovskaya v Skazka Rest., 231 AD3d 700, 701 [2d Dept 2024]). Under these circumstances, defendants' default cannot be deemed willful or deliberate (see Rector v BDG Gotham Residential, LLC, 209 AD3d 509, 509 [1st Dept 2022]). Supreme Court's order recognizes this state's strong public policy favoring litigation of claims on their merits (see Johnson-Roberts v Ira Judelson Bail Bonds, 140 AD3d 509, 509 [1st Dept 2016]). Although, as plaintiff notes, CPLR 2101(f) allows courts to freely grant leave to correct nonprejudicial errors of form, we reject plaintiff's invocation of that section under these circumstances, as he was given an opportunity to correct his error and refile the amended complaint but did not do so.
Upon denying plaintiff's motion for default judgment, Supreme Court properly granted defendants' cross-motion to dismiss the complaint. Even applying the lenient notice pleading standard afforded to discrimination claims, plaintiff has failed to sufficiently allege that the termination of his employment as a correction officer by the New York City Department of Correction (NYDOC) occurred under circumstances giving rise to an inference of discrimination (see Scott v City of New York, 233 AD3d 456, 456 [1st Dept 2024], citing Lively v Wafra Investment Advisory Group, Inc., 211 AD3d 432 [1st Dept 2022]). NYDOC's reason for terminating plaintiff's employment is consistent with documentary evidence showing that he failed to adequately supervise an inmate who engaged in severe self-harm over the course of nearly an hour. In any event, the documentary evidence also establishes that NYDOC terminated plaintiff's employment as of right within his probationary period, which had been extended after an incident in which he violated NYDOC policy (see id. at 456; see also Matter of Marshall v Simon, 160 AD3d 648, 649 [2d Dept 2018]). To the extent plaintiff argues that NYDOC failed to follow its own procedures in extending his probationary period, plaintiff should have advanced that argument in a CPLR article 78 proceeding rather than an action such as this (see Scott, 233 AD3d at 457).
We affirm the dismissal of the Civil Service Law § 75-b claim, but on grounds different from those stated by Supreme Court. Contrary to Supreme Court's finding, the Court of Claims does not have exclusive jurisdiction over plaintiff's section 75-b claim because the State of New York is not a party to this action (see Court of Claims Act § 9[2]; see Borawski v Abulafia, 117 AD3d 662, 663 [2d Dept 2014]). Nevertheless, dismissal of the § 75-b claim is still proper because plaintiff failed to sufficiently plead that he was terminated for complaining of a statutory or government violation or improper governmental action that endangered public health and safety (see Matter of Tenenbein v New York City Dept. of Educ., 178 AD3d 510, 510-511 [1st Dept 2019]; cf. Tipaldo v Lynn, 26 NY3d 204, 208-209 [2015]). Although the City did not address this issue in its motion to dismiss and Supreme Court dismissed the Civil Service Law § 75-b claim on different grounds, this Court may review the legal argument that plaintiff failed to adequately plead a Civil Service Law § 75-b claim because the issue is determinative and the record on appeal is sufficient to permit review (see Watson v City of New York, 157 AD3d 510, 511 [1st Dept 2018]). Indeed, the complaint states plainly that plaintiff's § 75-b claim is based on his filing of an "incident report" detailing the "inaction of the Department's employees" rather than on their violation of a law or regulation (see Belli v New York City Dept. of Transp., 200 AD3d 402, 404 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025