Adago v Sy (2026 NY Slip Op 00571)

Adago v Sy

2026 NY Slip Op 00571

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Moulton, J.P., Friedman, Higgitt, Rosado, O'Neill Levy, JJ. 

Index No. 651241/21|Appeal No. 5741|Case No. 2024-01177|

[*1]Roberto Adago, Plaintiff-Respondent,
vAbdou Rahame Sy, et al., Defendants-Appellants.

DL Partners, New York (Bruce H. Lederman of counsel), for appellants.
Bernadette Panzella, P.C., Nyack (Bernadette Panzella of counsel), for respondent.

Judgment, Supreme Court, New York County (Suzanne J. Adams, J.), entered on January 25, 2024, in favor of plaintiff and against defendants in the amount of $701,363.46, and bringing up for review an order, same court and Justice, entered on November 20, 2023, which insofar as appealed from as limited by the briefs, granted plaintiff's motion for a default judgment, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for further proceedings in accordance with this Court's decisions in Adago v Sy (205 AD3d 602 [1st Dept 2022] [Adago I]) and Adago v Sy (216 AD3d 402 [1st Dept 2023] [Adago II]). Appeal from order entered on November 20, 2023, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Upon remand for the second time to determine whether a memorandum of understanding was "permeated with fraud" so that its arbitration clause was void (Adago I, 205 AD3d at 602; Adago II, 216 AD3d at 403), Supreme Court granted plaintiff's motion to enter a default judgment against defendants. This was in error as plaintiff never served Adago I with notice of entry and therefore defendants' time to answer never started running (see CPLR 3211[f]). Plaintiff's reliance on rules about electronic filing is unavailing. This Court has previously determined that "the NYSCEF site's transmission of notification of the entry to e-mail service addresses 'shall not constitute service of notice of entry by any party'" (Fazio v Costco Wholesale Corp., 85 AD3d 443, 443 [1st Dept 2011], quoting 22 NYCRR 202.5b[h][3]).
The court also erred in finding that Sy's affidavit in opposition to plaintiff's motion and in support of defendants' cross-motion was inadmissible because it lacked a certificate of conformity required for affidavits sworn to outside of New York pursuant to former CPLR 2309(c). Rather, the court should have allowed Sy to obtain such a certificate (see e.g. Parra v Cardenas, 183 AD3d 462, 463 [1st Dept 2020]), especially because plaintiff did not raise CPLR 2309(c) in his motion papers.
Even if, arguendo, defendants were "technically in default by failing to timely answer" (Hammond v Equinox Holdings LLC, 197 AD3d 1039, 1040 [1st Dept 2021]), we exercise our discretion to deny plaintiff's motion (see e.g. Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities, 70 NY2d 831, 833 [1987]). The remittitur in Adago II did not provide for a default judgment (see 216 AD3d at 402-403) and thus, it was "not proper for the supreme court, on the return of the remittitur, to add any new and independent direction" (McGregor v Buell, 33 How Pr 450, 454 [1864] [italics omitted]; see also Wilkins v Earle, 46 NY 358, 358 [1871]). Additionally, Sy "evinced his intent to litigate this case on the merits" (Hammond, 197 AD3d at 1040) by answering and submitting an affidavit, and there is a "strong public policy favoring the resolution of cases on the merits" (id.; see also e.g. Rector v BDG Gotham Residential, LLC, 209 AD3d 509, 509 [1st Dept 2022]; Nedeltcheva v MTE Transp. Corp., 157 AD3d 423, 423 [1st Dept 2018]). Finally, defendants "advanced . . . potentially meritorious defense[s]" (Rector, 209 AD3d at 510 [internal quotation marks omitted]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026