■ TONGKOOK AMERICA, INC., Respondent, v JASON J. BATES et al., Appellants. [743 NYS2d 709] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered March 5, 2001, awarding plaintiff the principal amount of $29,000 plus interest and costs, and bringing up for review an order, same court and Justice, entered on or about January 8, 2001, which granted plaintiff's motion for summary judgment in lieu of a complaint, unanimously affirmed, with costs. Appeal from the order entered January 8, 2001, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Contrary to defendants' contentions, the settlement agreement in question can form the basis of a motion for summary judgment in lieu of a complaint since it is an instrument for the payment of money only (*see, J.D. Structures v Waldbaum*, 282 AD2d 434). Plaintiff, accordingly, made out a prima facie case by proof of the instrument and defendants' failure to make payments required pursuant thereto (*see, Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 155). Defendants, for their part, have not met their consequent burden to raise a triable issue as to a defense to the instrument (*see, Boland v Indah Kiat Fin. (IV) Mauritius*, 291 AD2d 342). Although defendants urge that pursuant to paragraph 7 of the settlement agreement they are liable for only $14,000, when the agreement is read as a whole it is clear that defendants agreed to pay plaintiff a total of $100,000, and since it is undisputed that only $71,000 of that amount has been paid, the balance due under the settlement agreement is, as the motion court found, $29,000. While paragraph 7 of the parties' agreement afforded plaintiff the option, in the event of defendants' default, of filing affidavits by defendants confessing to judgment in the amount of $85,000 less amounts already paid by them, it did not foreclose plaintiff from suing upon the settlement agreement itself, which, as noted, evidenced defendants' unconditional obligation to pay plaintiff no less than $100,000. Concur—Buckley, J.P., Sullivan, Lerner and Friedman, JJ.