Besler v Uzieri (2020 NY Slip Op 00687)





Besler v Uzieri


2020 NY Slip Op 00687


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10933N 152864/18

[*1] Asimida Besler, et al., Plaintiffs-Respondents,
v
Kreshnik Uzieri also known as Kreshnik Uzeiri, Defendant-Appellant.


Frank M. Graziadei, P.C., New York (Frank M. Graziadei of counsel), for appellant.
Boris Kogan & Associates, New York (Boris Kogan of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about March 28, 2019, which, inter alia, denied defendant's motion to vacate a default judgment entered against him, unanimously affirmed, without costs.
Defendant failed to demonstrate a reasonable excuse for his default. Defendant's claim that he was unfamiliar with the legal system and did not understand that he needed an attorney to represent him, does not constitute a reasonable excuse for his failure to timely appear and oppose plaintiffs' motion for summary judgment in lieu of complaint (see US Bank N.A. v Brown, 147 AD3d 428, 429 [1st Dept 2017]). His assertion that he did not realize that he should retain counsel is unavailing since he was previously represented by an attorney in connection with settlement negotiations with plaintiffs, arising out of his failure to pay the same promissory note (see Dorrer v Berry, 37 AD3d 519, 520 [2d Dept 2007]).
Defendant's failure to establish a reasonable excuse for his default renders it unnecessary to consider whether he demonstrated the existence of a potentially meritorious defense to the action (see Hertz Vehs. LLC v Westchester Radiology & Imaging, PC, 161 AD3d 550 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK