Frazier v 811 E. 178th St. Realty Corp. (2020 NY Slip Op 02722)





Frazier v 811 E. 178th St. Realty Corp.


2020 NY Slip Op 02722


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


11484N 28099/17E

[*1] Aldrea Frazier, Plaintiff-Respondent,
v
811 E. 178th St. Realty Corp., Defendant-Appellant.


Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for appellant.
Michelstein & Ashman, PLLC, New York (Gil J. Winokur of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered July 3, 2019, which denied defendant's motion to vacate the default judgment entered against it, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in determining that under the circumstances, defendant's failure to maintain an accurate address with the Secretary of State for six years did not constitute a reasonable excuse for its default (NYCTL 1998-2 Trust v Alanis Realty LLC, 176 AD3d 486, 486-487 [1st Dept 2019]; NYCTL 2015-A Trust v Diffo Props. Corp., 171 AD3d 538, 539 [1st Dept 2019]; see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142-143 [1986]).
Defendant was not entitled to relief under CPLR 317 because it failed to rebut plaintiff's proof showing that it received actual notice of the action in time to defend, since the summons and complaint, with the motion for a default judgment, were sent to defendant's president. The order granting a default and directing an inquest was also sent to the president at the same address. The affidavit of defendant's president claiming not to have received the complaint or default order was conclusory, as he did not discuss the address where those mailings were sent, and did not address the fact that the default judgment, which he admitted having received, was sent to the same address (see Reliable Abstract Co., LLC v 45 John Lofts, LLC, 152 AD3d 429, 430 [1st Dept 2017], lv dismissed 30 NY3d 1056 [2018]).
Plaintiff submitted an affidavit of merit setting forth the elements of a viable negligence claim based on personal knowledge (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 70-71 [2003]). Even assuming that her affidavit of merit did not satisfy CPLR 3215(f), that defect would not provide a basis to vacate the default judgment where defendant moved to vacate the judgment under CPLR 5015(a)(1), but failed to demonstrate a reasonable excuse for its default (Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203-204 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK