Yes Contr. Inc. v CLST Enters. LLC (2021 NY Slip Op 02351)





Yes Contr. Inc. v CLST Enters. LLC


2021 NY Slip Op 02351


Decided on April 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 15, 2021

Before: Renwick, J.P., Gische, Moulton, Mendez, JJ. 


Index No. 654078/15 Appeal No. 13603N Case No. 2020-03168 

[*1]Yes Contracting Inc., Plaintiff-Respondent,
v
CLST Enterprises LLC, et al., Defendants-Appellants, Sterling National Funding Corp., et al., Defendants. 


Gordon & Gordon, PC., Brooklyn (Jason S. Matuskiewicz of counsel), for appellants.
Welby, Brady & Greenblatt, LLP, White Plains (Geoffrey S. Pope of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about January 27, 2020, which denied the motion of defendants CLST Enterprises LLC, Carl L Thomson, Jr., and Margaret Mary Thomson to vacate an order, upon defendants' default, granting plaintiff's motion to strike their answer and counterclaims and for a default judgment as to liability on plaintiff's claims against them, unanimously affirmed, with costs.
Contrary to plaintiff's contention, the order denying defendants' motion to vacate the order striking defendants' answer and counterclaims and entering default judgment is appealable. Since the underlying order was decided upon defendants default, that order was not itself appealable (CPLR 5511), and the proper procedure was for defendants to move to vacate pursuant to CPLR 5015 (see Kamen v Weithorn, 83 AD3d 560 [1st Dept 2011]; M & C Bros. v. Torum, 75 AD3d 869, 870 [3d Dept 2010]).
The court properly denied defendants' motion to vacate the underlying order because defendants failed to provide a reasonable excuse for their default on the motion, or a meritorious defense to the action (see Marquez v 171 Tenants Corp., 161 AD3d 646, 647 [1st Dept 2018]; Youni Gems Corp. v Bassco Creations Inc., 70 AD3d 454, 455 [1st Dept 2010], lv dismissed 15 NY3d 863 [2010]). The record amply supports the court's finding that defendants willfully refused to comply with numerous court orders directing discovery, and in particular refused to produce Margaret Mary Thomson for a deposition, warranting discovery sanctions pursuant to CPLR 3126 (see Brown v Astoria Fed. Sav., 51 AD3d 961, 962 [1st Dept 2008], lv denied 11 NY3d 703 [2008]; Jones v Green, 34 AD3d 260 [1st Dept 2006]). Defendants provided only conclusory statements regarding the merit of their defense and counterclaims (see Matter of Giovanni Maurice D. [Wilner B.], 99 AD3d 631, 631-632 [1st Dept 2012]).
Defendants' assertion that plaintiff failed to provide evidence in support of the merits of its claim, as required by CPLR 3215(f), is unpreserved (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 829 [2008]). In any event, such defect is not jurisdictional and does not provide a basis to vacate the default judgment where defendants failed to demonstrate a reasonable excuse for their default (see Frazier v 811 E. 178th St. Realty Corp., 183 AD3d 413, 414 [1st Dept 2020]).
Defendants' additional new argument, that plaintiff's motion to strike was made while the case was stayed following the withdrawal of their counsel, is unavailing. The record demonstrates that following counsel's withdrawal, the court ordered the action be stayed for 30 days and that outgoing counsel serve defendants with notice directing them to retain new counsel within 30 days (see CPLR 321[c]). Plaintiff's motion to strike the pleadings was made when the order to show cause was served on defendants (CPLR 2211), which was after the stay had elapsed.
THIS CONSTITUTES THE DECISION AND ORDER[*2] OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2021