Soffer v Montanez (2021 NY Slip Op 05935)





Soffer v Montanez


2021 NY Slip Op 05935


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 654516/12 Appeal No. 14524-14524A-14524B Case No. 2021-01859 

[*1]Bruce Soffer et al., Plaintiffs-Respondents,
v
Danny Montanez, Defendant-Appellant, Mario Novogrodski et al., Defendants.


Voldz Law, P.C., New York (Jason S. Matuskiewicz of counsel), for appellant.
Winograd & Winograd P.C., New York (Corey Winograd of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about January 12, 2021, which denied defendant Danny Montanez's motion to vacate a default judgment, same court and Justice, entered October 7, 2019, in plaintiffs' favor against defendant in the amount of $192,450, after an inquest, and an order, same court and Justice, entered August 14, 2017, directing entry of a default judgment against defendant following his counsel's failure to appear for mandatory compliance conferences, unanimously affirmed, without costs.
A party seeking to vacate a judgment entered upon default under CPLR 5015(a)(1) must show a reasonable excuse for the default as well as a potentially meritorious defense (see Leader v Parkside Group, 174 AD3d 420 [1st Dept 2019], lv dismissed 33 NY3d 1111 [2019]). Here, we find that defendant provided a reasonable excuse for his failure to appear for compliance conferences scheduled in the action, which led to his answer being stricken, based on the neglect of his attorney, who was suspended and then disbarred from the practice of law during the pendency of the proceedings based in part on complaints concerning counsel's neglect of matters and failure to communicate with other clients (see Perez v Table Run Estates, Inc., 191 AD3d 416 [1st Dept 2021]). Although defendant's defaults were more than isolated incidents, it cannot be said based on this record, that they constituted a pattern of willful default and neglect, and there was no claim of prejudice (see Bobet v Rockefeller Ctr., N., Inc., 78 AD3d 475, 475 [1st Dept 2010]; Hageman v Home Depot U.S.A., Inc., 25 AD3d 760, 761 [2d Dept 2006]).
However, Supreme Court properly denied defendant's motion to vacate because he failed to set forth a meritorious defense to the action. Defendant's affidavit of merit does not dispute the complaint's allegations that he and codefendants misappropriated the funds plaintiffs gave them pursuant to their agreement, and his assertion that he never engaged in the day-to-day operations or handled any finances of the business is insufficient to show a defense to the claims being asserted (see Ap X-Power Media, Inc. v Ocean Bridge, Inc., 83 AD3d 612, 612 [1st Dept 2011]). That defendant answered the complaint does not demonstrate a meritorious defense, because it was verified by his attorney and not by defendant himself (see 60 E. 9th St. Owners Corp. v Zihenni, 111 AD3d 511, 513 [1st Dept 2013]). Furthermore, defendant's claim that the parties'
agreement is unsigned lacks merit because he admitted in his answer that he entered into the agreement.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021