Towncenter Partners LLC v A.A. Castro Complex Litig. (2022 NY Slip Op 01756)





Towncenter Partners LLC v A.A. Castro Complex Litig.


2022 NY Slip Op 01756


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Gische, J.P., Kern, González, Shulman, Higgitt, JJ. 


Index No. 154991/19 Appeal No. 15531 Case No. 2021-02734 

[*1]Towncenter Partners LLC, Plaintiff-Respondent,
v
A.A. Castro Complex Litigation, et al., Defendants-Respondents.


Angel A. Castro, III, New York, for appellant.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 31, 2020, which denied respondent A.A. Castro Complex Litigation, Appeals, & Negotiation, PLLC a/k/a Law Firm of Angel A. Castro, III's (law firm) motion to vacate a default judgment pursuant to CPLR 5015(a)(1), unanimously affirmed, with costs.
The court providently exercised its discretion in denying respondent law firm's motion to vacate a default judgment entered against it based on its failure to demonstrate a reasonable excuse for the default (see Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510, 510 [1st Dept 2010]). The owner and principal of the law firm, respondent Angel A. Castro, III, affirmed that he was "medically incapacitated" from May 2019 to February 2020 following "major surgery," and that he was then "hindered" by the Covid-19 pandemic, and thus was unable to respond to the May 2019 petition to confirm the arbitration award against him and the law firm, and was unable to move to vacate the default judgment until the one-year anniversary of its entry in October 2020. Castro provided no further details, and the law firm provided no evidence to support those statements (see Matter of Raeydan D.E.C. [Kevin C.], 188 AD3d 406, 407 [1st Dept 2020], lv denied 36 NY3d 1047 [2021]). Moreover, petitioner refuted Castro's claim that he was medically incapacitated by submitting documentary evidence showing that Castro and the law firm e-filed a brief for a client in federal district court in August 2019, and that Castro and the law firm filed opposition papers to a summary judgment motion in June 2019 and filed a motion in January 2020 in another Supreme Court action.
The law firm's failure to proffer a reasonable excuse for its default renders it unnecessary to consider whether it has a potentially meritorious defense to the action (see Besler v Uzieri, 179 AD3d 628, 628-629 [1st Dept 2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022