Buckley v Nicklous (2022 NY Slip Op 06741)

Buckley v Nicklous

2022 NY Slip Op 06741

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 21062/20E Appeal No. 16726-16726A Case No. 2022-01467, 2022-03012 

[*1]Robert Buckley, Plaintiff-Respondent,
v
Michael Nicklous, et al., Defendants-Appellants, Melissa Aponte, et al., Defendants.

Menicucci Villa Cilmi, PLLC, Staten Island (Geoffrey R. Bowser of counsel), for appellants.
Rosenberg Fortuna & Laitman, LLP, Garden City (Joseph P. Sacco of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered May 9, 2022, awarding plaintiff damages in the total amount of $115,223.56, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 13, 2021, which, to the extent appealed from as limited by the briefs, denied defendants Michael Nicklous, 2112 NB, LLC, and Vertical Professional Solutions, LLC's motion to vacate a default judgment entered against them, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly denied defendant's motion to vacate the default judgment, as they failed to demonstrate a reasonable excuse for their default (see CPLR 5015 [a] [1]; Soffer v Montanez, 198 AD3d 606, 606 [1st Dept 2021]). Plaintiff made a prima facie showing of proper service of his CPLR 3213 motion on defendant Nicklous at his place of business in New York and residence in Florida, and Nicklous's bare denial of service was insufficient to rebut this showing (see Wells Fargo Bank, N.A. v Njoku, 148 AD3d 438, 439 [1st Dept 2017]). Nicklous's suggestion that he was under the mistaken impression that the service of process related to another pending action against him does not constitute a reasonable excuse for his default. Furthermore, defendants do not dispute that defendants 2112 NB and Vertical Professional Solutions were properly served.
Nor did the various executive and administrative orders that were issued in response to the Covid-19 pandemic excuse defendants' default. Even accepting defendants' argument that the orders tolled their time to oppose the motion until November 3, 2020, they did not offer a justifiable explanation for their failure to submit an opposition or answering papers after the tolling period expired.
Defendants also failed to demonstrate a potentially meritorious defense (see Soffer, 198 AD3d at 606). Their contention that plaintiff was not entitled to summary judgment in lieu of a complaint because the settlement agreement between the parties was not an "instrument for the payment of money only" is unavailing (see Tongkook Am. v Bates, 295 AD2d 202, 202 [1st Dept 2002]). The clear terms of the settlement agreement establish that defendants had a singular obligation to pay plaintiff money,
and defendants do not contend that plaintiff failed to meet any of the contingencies in the agreement, or deny that they are in default of the agreement.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022