Astraea NYNY LLC v Ganley (2023 NY Slip Op 01472)

Astraea NYNY LLC v Ganley

2023 NY Slip Op 01472

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Manzanet-Daniels, J.P., Singh, Kennedy, Shulman, JJ. 

Index No. 650082/21 Appeal No. 17563 Case No. 2022-01390 

[*1]Astraea NYNY LLC, Plaintiff-Respondent,
v
Declan Ganley, Defendant-Appellant.

Schulte Roth & Zabel LLP, New York (Douglas S. Mintz of counsel), for appellant.
Tarter Krinsky & Drogin LLP, New York (Richard C. Schoenstein of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered March 9, 2022, which denied defendant's motion to vacate the default judgment against him, unanimously affirmed, without costs.
Supreme Court providently found that jurisdiction was obtained over defendant by proper service of the summons and complaint, and that that he was not entitled to vacatur pursuant to CPLR 5015(a)(4). Defendant's conclusory denial that he was not served as alleged in the properly executed affidavit of service of plaintiff's process server is insufficient to rebut the presumption of service created by that affidavit (see U.S. Bank N.A. v Martinez, 139 AD3d 548, 549 [1st Dept 2016]). That defendant was not served pursuant to CPLR 312-a(a) is of no moment because defendant was served at the address he provided in the loan agreements and served in the manner stated in those agreements (see Credit Car Leasing Corp. v Elan Group Corp., 185 AD2d 109, 109 [1st Dept 1992]).
Defendant's claim that plaintiff may not avail itself of the contractual service provision in the loan agreements because defendant did not have written notice of the assignment is belied by the record. On July 27, 2020, about six months before plaintiff moved for a default judgment against defendant, defendant's then counsel received a draft of the settlement agreement between the original lender and plaintiff's predecessor in interest stating that the predecessor would assign to plaintiff the original lender's rights (see Capital Factors v Caldor, Inc., 182 AD2d 532 [1st Dept 1992]).
Furthermore, the court providently exercised its discretion in denying defendant's motion to vacate the default judgment pursuant to CPLR 5015(a)(1) based on his failure to demonstrate a reasonable excuse for the default (CPLR 5015[a][1]; see Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510, 510 [1st Dept 2010]). His suggestion that his lack of knowledge of the service provisions in the subject loan agreements he signed does not constitute a reasonable excuse for his default in answering the complaint (see Buckley v Nicklous, 210 AD3d 575, 575 [1st Dept 2022]). Since defendant's proffered excuse was not reasonable, this Court need not determine whether he showed a potentially meritorious defense (see Besler v Uzieri, 179 AD3d 628, 628-629 [1st Dept 2020]).
Contrary to defendant's contention, relief under CPLR 317 is not warranted. Defendant failed to rebut plaintiff's proof showing that he received actual notice of the action in time to defend, because the record shows that plaintiff's counsel emailed defendant's counsel the summons and complaint about 20 days before plaintiff moved for a default judgment against defendant and noted that plaintiff would be seeking such relief as service of process was effectuated "in conformance with the relevant contract provisions" (see Frazier v 811 E. 178th St. Realty Corp., 183 AD3d 413, 413 [1st Dept 2020]).
Finally, the court providently exercised [*2]its discretion in denying defendant's motion to vacate the default judgment in the interest of justice (see CPLR 5015[a]). Defendant failed to set forth a sufficient reason to invoke the court's inherent power to vacate the default judgment in the interests of substantial justice given that he does not suggest that he paid back the loan (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023