Hilton Check Cashing Corp. v K. Thompson Foods LLC (2023 NY Slip Op 51205(U))

[*1]

Hilton Check Cashing Corp. v K. Thompson Foods LLC

2023 NY Slip Op 51205(U)

Decided on November 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, J.

570709/23

Hilton Check Cashing Corp., Plaintiff-Respondent, 
against
K. Thompson Foods LLC, Defendant-Appellant, and Jared Edmond, Comanita Scott, Grady Marceles Reid and Joshua Lampley, Defendants.

Defendant K. Thompson Foods LLC appeals from an order of the Civil Court of the City of New York, New York County (Erik L. Gray, J.), entered March 14, 2023, which denied its motion to vacate a default judgement.

Per Curiam.
Order (Erik L. Gray, J.), entered March 14, 2023, affirmed, with $10 costs.
Defendant K. Thompson Food LLC's motion to vacate its default in answering for lack of jurisdiction (see CPLR 5015[a][4]) was properly denied. The process server's affidavit indicating service upon defendant through the Secretary of State was prima facie evidence of proper service (see Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431 [2017]; Shanker v 119 E.30th, Ltd., 63 AD3d 553, 554 [2009]). In opposition, defendant did not contend that the address on file with the Secretary of State was incorrect, and the mere denial of receipt was insufficient to rebut the presumption that service was proper (see Frazier v 811 E. 178th St. Realty Corp., 183 AD3d 413 [2020]; Grinshpun v Borokhovich, 100 AD3d 551, 552 [2012], lv denied 21 NY3d 857 [2013]). 
Nor was defendant entitled to vacatur relief pursuant to CPLR 5015(a)(1). Inasmuch as the only excuse offered is the meritless improper service argument, defendant has no reasonable excuse for the default (see Citibank, N.A. v K.L.P. Sportswear, Inc., 144 AD3d 475, 476 [2016]). 
Defendant was also not entitled to relief pursuant to CPLR 317 because it failed to rebut plaintiff's proof that it received actual notice of the action in time to defend (see Fisher v Lewis Constr. NYC Inc., 179 AD3d 407 [2020]). The affidavit of service indicating that, pursuant to CPLR 3215, an additional copy of the summons and complaint were mailed to defendant at its correct business address, created a presumption of proper mailing and receipt, and defendant did not adequately rebut that presumption (see Thas v Dayrich Trading, Inc., 78 AD3d 1163 [2010]; Frazier v 811 E. 178th St. Realty Corp., 183 AD3d at 413).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 17, 2023