Matter of Kucker Marino Winiarsky & Bittens, LLC v Neiman (2024 NY Slip Op 01989)

Matter of Kucker Marino Winiarsky & Bittens, LLC v Neiman

2024 NY Slip Op 01989

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Manzanet-Daniels, J.P., Gesmer, Shulman, Higgitt, Rosado, JJ. 

Index No. 656980/21 Appeal No. 2029 Case No. 2023-02991 

[*1]In the Matter of Kucker Marino Winiarsky & Bittens, LLC, Petitioner-Respondent,
v
Izzy Neiman Also Known as Israel Neiman, Respondent-Appellant.

Storch Law, P.C., Brooklyn (Binyomin Z. Bendet of counsel), for appellant.
Kucker Marino Winiarsky & Bittens LLC, New York (Christopher McCann of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 9, 2022, which denied appellant's motion to vacate a default judgment entered against him, unanimously affirmed, without costs.
Appellant contends he signed a retainer agreement with petitioner law firm on behalf of a nonparty company, of which he was an agent and an alleged employee. An arbitration clause in the retainer agreement provided that fee disputes between the "client" company and petitioner law firm would be resolved in arbitration. The retainer agreement also provided that the law firm would have "a claim" against any director, officer, or member of the company if the legal fees were not timely paid by the company. Petitioner law firm thereafter filed an arbitration proceeding against appellant, individually, to recover legal fees that the company failed to pay. Appellant never appeared in the arbitration proceeding and he also defaulted in connection with the proceeding to confirm the arbitration award. An order and judgment confirming the arbitration award was ultimately entered, and four months later appellant moved to vacate the judgment.
The motion was properly denied since it failed to demonstrate a reasonable excuse for default (see CPLR 5015[a][1]). Appellant argues that he was pro se before moving to vacate the order that confirmed the arbitration award. Appellant's counsel affirms that defects and/or discrepancies in the filing, submission and service affidavit related to the petition to confirm added to appellant's confusion about whether the petition was properly served, filed and/or warranted an appearance on his part. Nonetheless, appellant's unexplained failure to appear at the arbitration proceeding and questionable contentions as to why he defaulted in appearing on the petition to confirm the award suggest that his defaults were willful, and not excusable. Accordingly, notwithstanding the public policy favoring the hearing of disputes on their merits, absent a reasonable excuse for the default, it is "unnecessary to consider whether [appellant] has a potentially meritorious defense to the [proceeding]" (Towncenter Partners LLC v A.A. Castro Complex Litig., 203 AD3d 528, 529 [1st Dept 2022]; see also Besler v Uzieri, 179 AD3d 628, 628-629 [1st Dept 2020]).
Appellant also failed to show a meritorious defense. He claims he signed the retainer agreement only as an agent, that the sole parties to the arbitration agreement were the law firm and company, and that no grounds existed to hold him personally liable for the company's unpaid legal fees. However, these issues, and others, were resolved in arbitration and appellant, by his failure to seek a stay of arbitration, waived any argument that an agreement requiring him to arbitrate was lacking (see Matter of RRN Assoc. [DAK Elec. Contr. Corp.], 224 AD2d 250 [1st Dept 1996]; Bevona v Valencia, 191 AD2d 192 [1st Dept 1993]). Moreover, he did not move within 90 days of service of the arbitration [*2]award to vacate it (see CPLR 7511(a); Matter of Kunju v MTA, 94 AD3d 585 [1st Dept 2012]).
The arbitration panel's determination that appellant was personally obligated under the retainer agreement to pay the company's overdue legal fees concerned questions of law and fact, which the panel resolved against him (see Matter of Professional Staff Congress/City Univ. of N.Y. v Board of Higher Educ. of City of N.Y., 39 NY2d 319, 323 [1976]). "Generally, a court will not set aside an arbitrator's award for errors of law or fact unless the award is so irrational as to require vacatur" (Matter of New Millennium Pain & Spine Medicine, P.C. v Progressive Cas. Ins. Co., 220 AD3d 578 [1st Dept 2023] [internal quotation marks omitted]). Here, the award was not irrational under the circumstances.
Appellant's belated argument raised in his reply brief that judgment confirming the arbitration award was unsupported by admissible evidence given the absence of a verified petition or affidavit based on personal knowledge attesting to facts supporting confirmation of the award is unpreserved (see e.g. Simon v Franclnvest, S.A., 192 AD3d 565, 569 [1st Dept 2021]; Lawrence v Graubard Miller, 48 AD3d 1, 8 [1st Dept 2007]).
We have considered the appellant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024