JDS Constr. Group LLC v Copper Servs., LLC (2024 NY Slip Op 02097)

JDS Constr. Group LLC v Copper Servs., LLC

2024 NY Slip Op 02097

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 656912/20 Appeal No. 2092-2093 Case No. 2023-04635, 2023-04636 

[*1]JDS Construction Group LLC, Plaintiff-Respondent,
v
Copper Services, LLC, Defendant-Appellant, Talisman Casualty Insurance Company, LLC, Defendant. 

Sitaras & Associates, PLLC, New York (George Sitaras of counsel), for appellant.
Cohen Ziffer Frenchman & McKenna LLP, New York (Andrew N. Bourne of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered March 1, 2023, which, insofar as appealed from, denied defendant Copper Services LLC's motion to vacate a default judgment, same court and Justice, entered October 28, 2022, in favor of JDS Construction Group, LLC and against defendant Copper, unanimously reversed, on the law, with costs, and the motion granted. Appeal from order, same court and Justice, entered May 19, 2023, which denied Copper's motion to renew and reargue, unanimously dismissed, without costs, as academic and taken from a nonappealable paper, respectively.
Copper sufficiently demonstrated a reasonable excuse in support of its motion to vacate the default judgment entered against it. Its counsel abandoned his duties to file an answer and respond to the default judgment motion, despite having advised Copper that he was being paid by Copper's surety to appear on Copper's behalf. Copper's sole manager and member's challenging personal circumstances also guide our determination. "Although [Copper's] defaults were more than isolated incidents, it cannot be said based on this record, that they constituted a pattern of willful default and neglect, and there [is] no claim of prejudice" (Soffer v Montanez, 198 AD3d 606, 607 [1st Dept 2021]).
Copper also sufficiently raised a potentially meritorious defense to the willful exaggeration of lien claim, based on Copper's liens having been discharged on default, rather than on a finding of willful exaggeration (see Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 165 [1st Dept 2000]). Copper further raised a potentially meritorious defense to plaintiff's breach of contract claim based on the issue of plaintiff's own default and underpayment under the parties' agreement. Based on these findings, we find that vacatur of the default judgment was warranted (see SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38-39 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024