Timoyanis v Zhongmeng (U.S.A.) Co. Ltd. (2024 NY Slip Op 05194)

Timoyanis v Zhongmeng (U.S.A.) Co. Ltd.

2024 NY Slip Op 05194

Decided on October 22, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 22, 2024

Before: Webber, J.P., Friedman, Mendez, Shulman, JJ. 

Index No. 151444/22 Appeal No. 2872 Case No. 2023-03967 

[*1]Pamela Timoyanis, Plaintiff-Respondent,
v
Zhongmeng (U.S.A.) Co. Ltd., Defendant-Appellant, Xuanli Tang, Defendant.

Chen Ran Law Group, P.C., Flushing (William Lou of counsel), for appellant.
Frank P. Nervo, New York, for respondent.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered June 6, 2023, which, to the extent appealed from as limited by the briefs, denied defendant Zhongmeng (U.S.A.) Co. Ltd.'s motion to vacate the default judgment entered against it, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying defendant's motion to vacate the default pursuant to CPLR 5015(a) because it failed to demonstrate a reasonable excuse for its default in answering the complaint or opposing the motion for a default judgment (see Soffer v Montanez, 198 AD3d 606, 606 [1st Dept 2021]). Defendant does not dispute that service was complete when the summons and verified complaint was personally served upon the Secretary of State as its agent, which sent the documents to the address on record, a commercial condominium owned by defendant's principal through another corporation. Defendant's explanation that it did not receive notice of the action because its business address registered with the Secretary of State was closed and its employees were working from home due to the COVID-19 pandemic is not a reasonable excuse given that defendant provided no supporting documentation that its employees were prevented from receiving mail for more than two years after the pandemic began or any explanation for not arranging to have its mail forwarded (see 1KB & MS, LLC v Happy Living Constr., LLC, 228 AD3d 604, 606 [2d Dept 2024]; compare Heijung Park v Nam Yong Kim, 205 AD3d 429, 429-430 [1st Dept 2022]).
To the extent defendant relied on CPLR 317, plaintiff persuasively argued that defendant's denial of knowledge of the action was incredible, as it provided no explanation for its failure to receive not only the summons and complaint, but also the numerous other notices sent by certified mail to its business address at the commercial condominium (see Gomez v One Sickles St. Co., LP, 165 AD3d 597 [1st Dept 2018]; Baez v Ende Realty Corp., 78 AD3d 576 [1st Dept 2010]).
In any event, defendant did not demonstrate the existence of a potentially meritorious defense, as required for vacatur under both CPLR 5015 and CPLR 317 (see 979 Second Ave. LLC v Yue Wah Chao, 227 AD3d 436, 436 [1st Dept 2024]; San Lim v MTA Bus Co., 190 AD3d 493, 494 [1st Dept 2021], lv dismissed 37 NY3d 1041 [2021]). Defendant failed to submit an affidavit from a person with personal knowledge sufficient to demonstrate that plaintiff's negligence claims are barred by the statute of limitations (see San Lim, 190 AD3d at 494). Defendant submitted documents to show that plaintiff made complaints concerning defendant's excavation work on its abutting property more than three years before the action was commenced, but, even if those documents were admissible, they do not rebut the allegations in the complaint that defendant committed independent wrongs causing harm to plaintiff's property within the statute of limitations.
Defendant's contention that plaintiff did not adequately [*2]plead a cause of action for private nuisance is unavailing. The complaint alleges that defendant's negligent and intentional acts of excavating its property and then abandoning the project has resulted in dangerous and unhealthy conditions on plaintiff's abutting property, including long-standing filthy and contaminated water and overgrowth of weeds and untamed foliage, resulting in an infestation of rats, mosquitos, and other insects. Accordingly, the complaint alleges a nuisance involving "a continuous invasion of rightsa pattern of continuity or recurrence of objectionable conduct" (Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003] [internal quotation marks omitted]; see also Jobe v Chelsea Hotel Owner LLC, 198 AD3d 440, 440 [1st Dept 2021]). Defendant's contention that the co-owner of plaintiff's property must be named as a necessary party does not raise a potentially meritorious defense, since the relief plaintiff seeks herein is not adverse to the co-owner's interests, and he would "not be inequitably affected by a judgment" against defendant (CPLR 1001[a]; see Overocker v Madigan, 113 AD3d 924, 925-926 [3d Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 22, 2024