Hereford Ins. Co. v Interdependent Acupuncture PLLC (2025 NY Slip Op 00021)

Hereford Ins. Co. v Interdependent Acupuncture PLLC

2025 NY Slip Op 00021

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 152296/19 Appeal No. 3388 Case No. 2024-02707 

[*1]Hereford Insurance Company, Plaintiff-Respondent,
v
Interdependent Acupuncture PLLC, et al., Defendants, Shelly Sarbensarpong, et al., Defendants-Appellants.

Law Office of Yuriy Prakhin, P.C., Brooklyn (Yuriy Prakhin of counsel), for appellants.
Goldberg, Miller & Rubin, P.C., New York (Victoria Tarasova of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered April 11, 2024, which denied the motion of defendants-appellants Shelly Sarben-Sarpong and Corey Hargrove to vacate orders and judgments, entered August 14, 2019 and February 17, 2023, granting plaintiff's motions for entry of default judgments against them and declaring that they were not entitled to no-fault coverage, unanimously affirmed, without costs.
The court providently exercised its discretion in denying appellants' motion to vacate the default judgments pursuant to CPLR 5015(a)(1) because appellants failed to demonstrate a reasonable excuse for their defaults (CPLR 5015[a][1]; see Towncenter Partners LLC v A.A. Castro Complex Litig., 203 AD3d 528, 529 [1st Dept 2022]). Appellants offered no explanation as to why they failed to respond to the complaint despite conceding that they received service of process. Their counsel's suggestion that they were confused by the pendency of their separate personal injury action, in which they were represented by counsel, does not constitute a reasonable excuse (see Buckley v Nicklous, 210 AD3d 575, 575 [1st Dept 2022]). Appellants provide no support for their argument that plaintiff should have notified their counsel, who represented them in a separate personal injury action against plaintiff's insured, of the commencement of this declaratory judgment action. In any event, appellants did not provide any affidavits to explain why they did not provide the pleadings in this action to their counsel after they were served. Since appellants' proffered excuse for their defaults was not reasonable, the court did not need to consider whether they showed a potentially meritorious defense to the declaratory judgment action (see Besler v Uzieri, 179 AD3d 628, 628-629 [1st Dept 2020]).
As for appellants' argument that the default judgments are a nullity because plaintiff failed to make an evidentiary showing as required by CPLR 3215(f), the Court of Appeals has held that a failure to submit the proof required by CPLR 3215(f) is "not a jurisdictional defect" and therefore "does not justify treating the judgment as a nullity" (Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203-204 [1st Dept 2013]). Appellants' remedy was to move pursuant to CPLR 5015(a)(1) to vacate the default judgments, which required them to show a reasonable excuse for their defaults (see id.; Frazier v 811 E. 178th St. Realty Corp., 183 AD3d 413, 414 [1st Dept 2020]). In any event, plaintiff did submit admissible evidence supporting its assertion that it properly disclaimed coverage based on a founded belief that the treatment appellants received was not medically necessary or causally related to the subject motor vehicle accident (see State Farm Fire & Cas. Co. v AA Acupuncture Serv., P.C., 217 AD3d 643 [1st Dept 2023]).
We have considered appellants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025