| **Namdar, Inc. v Soper** |
|:---:|
| 2025 NY Slip Op 32086(U) |
| June 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653206/2020 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** <u>**HON. ARTHUR F. ENGORON**</u>   **PART** 37

*Justice*

-------------------------------------------------------------------X

NAMDAR, INC.,

                                          Plaintiff,

                  - v -

BLAKE SOPER, KURT GUAM, INC., KURT GAUM, INC.,

                                          Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653206/2020 |
| **MOTION DATE** | 02/10/2025 |
| **MOTION SEQ. NO.** | 002 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 28, 29,

were read on this motion to                          VACATE                          .

Upon the foregoing documents, after scheduled oral argument on June 5, 2025, and for the reasons stated herein below, defendants' motion to vacate is denied.

<u>Background</u>
Plaintiff, Namdar, Inc., alleges that, between January 14, 2020, and February 10, 2020, it sold and delivered merchandise worth $46,592.20 to defendant Kurt Gaum, Inc. NYSCEF Doc. No. 3. Prior to delivery, defendant Blake Soper personally guaranteed the obligations of Kurt Gaum to plaintiff. NYSCEF Doc. No. 14. On July 19, 2020, plaintiff sued defendants. NYSCEF Doc. No. 1.

On August 3, 2020, plaintiff served process upon Kurt Gaum, pursuant to Business Corporation Law § 306, via the New York Secretary of the State. NYSCEF Doc. No. 6.

On August 12, 2020, plaintiff served process upon Soper via his doorperson, 195 Willoughby Avenue, Apt. 11, Brooklyn, NY 11205 ("Willoughby Address"), and, on August 14, 2020, completed service on Soper by mail, at the Willoughby Address. NYSCEF Doc. No. 5.

On December 7, 2020, plaintiff sent Soper, pursuant to CPLR 3215(g)(3), an additional notice of default to the Willoughby Address. NYSCEF Doc. No. 15. Also on December 7, 2020, plaintiff sent, pursuant to CPLR 3215(g)(4), a similar letter to Kurt Gaum. <u>Id.</u>

On January 12, 2021, plaintiff moved for a default judgment against defendants. NYSCEF Doc. No. 7.

On April 14, 2021, this Court granted plaintiff's motion, without opposition, and awarded plaintiff $46,592.20, plus pre-judgment interest, against defendants, jointly and severally, as well as attorney's fees against Soper only. NYSCEF Doc. No. 18.

653206/2020  NAMDAR, INC. vs. SOPER, BLAKE
Motion No. 002

Page 1 of 4

[* 1]

Defendants now move, pursuant to CPLR 317, CPLR 5015(a)(1), and CPLR 5015(a)(4), to vacate the prior Decision and Order. NYSCEF Doc. No. 22.

In support, defendants argue that service to Kurt Gaum was invalid because the corporation had "ceased business operations and surrendered its premises to the landlord" at the time process was allegedly served. NYSCEF Doc. No. 23. Defendants concede that the corporation still legally exists. NYSCEF Doc. No. 24 ¶ 3.

Defendants further argue that service to Soper was invalid because "Apt. 11," as listed in the address for service, does not exist. NYSCEF Doc. No. 23. Soper affirms that he lives in unit 1105, an apartment owned by his wife, who does not share his last name. NYSCEF Doc. No. 24. Soper affirms that neither the doorperson nor the post office would know who to give the service papers to because there are 18 other residential units on the 11th floor and because Soper's wife's name is the only name on the public building directory. Id.

Finally, defendants argue that they have a meritorious defense: that Soper was making jewelry for plaintiff using their raw materials rather than buying them from plaintiff. NYSCEF Doc. No. 24. Defendants also argue that plaintiff's claims are so vague and unsupported by evidence that defendants do not "[know] what they are defending against." NYSCEF Doc. No. 23.

In opposition, plaintiff argues, inter alia, that any discrepancy in addresses is "minor," and it is irrelevant if Kurt Gaum has ceased business activity and surrendered its premises, because the corporation was and is still legally active. Id.

In reply, defendants reassert their previous claims and argue that Kurt Gaum did not fail in its obligation to update its address with the Secretary of State because it had effectively closed without "[going] through the motions of an official dissolution." NYSCEF Doc. No. 29.

On June 5, 2025, oral argument on the instant motion was scheduled and defendants failed to appear.

Discussion
CPLR 5015(a)(1) provides that a party may obtain relief from a judgment upon the ground of excusable default. Pursuant to CPLR 5015(a)(4), a party may obtain relief from a judgment when there is a lack of jurisdiction. A movant seeking vacatur of a default judgment, pursuant to CPLR 5015, "must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action." Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co. 67 NY2d 138, 141 (NY 1986).

Pursuant to CPLR 317 a person served other than by personal delivery who does not appear may defend the action "upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense." Unlike CPLR 5015(a), "there is no necessity for a defendant moving pursuant to CPLR 317 to show a 'reasonable excuse' for its delay. Lorenzo at 141.

653206/2020  NAMDAR, INC. vs. SOPER, BLAKE
Motion No. 002

Page 2 of 4

Movants under either CPLR 317 or 5015(a) must still provide a "potentially meritorious defense." Buckley v Nicklous, 210 AD3d 575 (1st Dept 2022); 402-404 Willoughby Ave. Realty, LLC v Berkowitz, 237 AD3d 1010 (2d Dept 2025); Taieb v Hilton Hotels Corp., 60 NY2d 725, 728 (1983).

Pursuant to BCL § 306, a party may serve domestic or authorized foreign corporations via the Secretary of State. A "defendant's failure to receive the duplicate copy of the summons and complaint mailed to it by the Secretary of State, in and of itself and without excuse, does not furnish a ground for opening the default." Cascione v Acme Equip. Corp., 23 AD2d 49, 50 (1st Dept 1965). "Failure to keep a current address on file [...] does not constitute a 'reasonable excuse'" for default. Baez v Ende Realty Corp., 78 AD3d 576 (1st Dept 2010).

The burden of proof falls on the movant to show that they did not receive notice of the summons in time to defend, and "service of process on a corporation is complete when the Secretary of State is served irrespective of whether the process subsequently reaches the corporate defendant." Associated Imports v Amiel Publ., 168 AD2d 354 (1st Dept 1990).

"If a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested." F. I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797 (1977). Furthermore, minor errors in the address for service are deemed inconsequential because they do not impair delivery. Cadle Co. v Tri-Angle Assoc., 18 AD3d 100, 104 (1st Dept 2005) (erroneous apartment number 16H deemed inconsequentially different from correct number, 164).

Here, defendants concede that Kurt Gaum was still legally active at the time of service. Whether it ceased business operations or surrendered its premises is immaterial; failure to maintain a current address on file with the Secretary of State at which the corporation can receive process does not constitute a reasonable excuse. Moreover, defendants' claim that Kurt Gaum had surrendered their premises and therefore could not receive mail at their address is entirely conclusory; no evidence apart from Soper's affidavit is provided for this claim. Thus, defendants have failed to show that Kurt Gaum did not receive notice or that it had a reasonable excuse for their default.

Further, plaintiff properly served Soper's doorperson after being twice refused access to the actual apartment and by mailing the documents to Soper's address. While the apartment number listed was incomplete, the error was minor and inconsequential.

Finally, defendants fail to present a potentially meritorious defense. Defendants' claim that their business relationship with plaintiff was different than alleged is insufficient. As in Willoughby, where movant's conclusory affirmation that he had made a written agreement with nonmovant was insufficient to establish a potentially meritorious defense, defendants here provide only a conclusory affirmation claiming that they were turning plaintiff's raw materials into jewelry, rather than buying them.

653206/2020 NAMDAR, INC. vs. SOPER, BLAKE
Motion No. 002

Page 3 of 4

3 of 4

This Court has considered defendants' other arguments and finds them to be unavailing and/or non-dispositive.

Conclusion

Thus, the motion to vacate is hereby denied, on the merits and after movant failed to appear for duly scheduled oral argument.

HON. ARTHUR F. ENGORON

_____
6/10/2025
DATE

_____
ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

653206/2020  NAMDAR, INC. vs. SOPER, BLAKE
Motion No. 002

Page 4 of 4