Ahdab v New York City Hous. Auth.

2026 NY Slip Op 02034

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Henry Ahdab, Plaintiff-Respondent,

v

New York City Housing Authority, Defendant-Respondent, Sahara Construction Corp., Defendant-Appellant, Sahara Contracting Corp., Defendant.

New York City Housing Authority, Third-Party Plaintiff-Respondent,

Sahara Construction Corp., Third-Party Defendant-Appellant.

Decided and Entered: April 02, 2026

Index No. 813171/21|Appeal No. 6270|Case No. 2025-03466|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

The Litvak Law Firm, Brooklyn (Igor Litvak of counsel), for appellant.

Davis & Ferber LLP, Islandia (Cary M. Greenberg of counsel), for Henry Ahdab, respondent.

Newman Myers Kreines Harris, P.C., New York (Gretchen A. Becht of counsel), for New York City Housing Authority, respondent.

[*1]

Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered May 6, 2025, which denied the motion of defendant Sahara Construction Corp. to vacate the default judgments entered against it and to compel plaintiff and defendant/third-party plaintiff New York City Housing Authority (NYCHA) to accept Sahara's late answers to the amended complaint and third-party complaint, unanimously affirmed, without costs.

Supreme Court providently denied Sahara's motion to vacate NYCHA's default judgment against it because Sahara failed to offer a reasonable excuse for its delay in attempting to file an answer to the third-party complaint (see Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510, 510 [1st Dept 2010]). Sahara's excuse of confusion does not constitute a reasonable excuse (see Hereford Ins. Co. v Interdependent Acupuncture PLLC, 234 AD3d 410, 410 [1st Dept 2025]); nor do its excuses of unfamiliarity with the legal system and trouble retaining an attorney (see Besler v Uzieri, 179 AD3d 628, 628 [1st Dept 2020]).

Sahara's proffered excuse that it believed that the matter was being handled by its insurer also was not reasonable (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 604 [1st Dept 2017]; Martucci, 224 AD3d at 545). Sahara's representative averred that he received service of NYCHA's motion for a default judgment in summer 2023, yet Sahara waited until March 15, 2024 to file its motion for vacatur. Given Sahara's failure to proffer a reasonable excuse for its default, it is unnecessary to consider whether it has a meritorious defense to NYCHA's claims.

In light of the foregoing, Supreme Court properly denied the branch of Sahara's
motion to compel plaintiff and NYCHA to accept its late answers to the amended complaint and the third-party complaint as academic.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026